# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

**MONIQUE COUVILLION,**

    **Plaintiff,**

    *vs.*

**SPEEDWAY, L.L.C.,**

    **Defendant.**

CAUSE NO. 1:14-cv-1842-DKL-SEB

## ENTRY

### *Defendant's Motion for Summary Judgment* [doc. 24]

This is a state-law negligence action within the Court's diversity jurisdiction and is before this magistrate judge pursuant to the parties' consents and the district judge's reference. Plaintiff Monique Couvillion alleges that she tripped and fell while using an air pump in the parking lot of one of defendant Speedway's gas stations/stores and, thereby, suffered injuries, pain, and suffering, which have caused her to incur past, current, and possibly future medical expenses and lost income. In this suit, Ms. Couvillion claims that Speedway's negligence caused her fall and she seeks to recover damages. Now before the Court is Speedway's motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).

The undisputed facts show the following.[1]  In the early morning of January 14, 2013, Ms. Couvillion drove to Speedway's store on East Washington Street in Cumberland, Indiana, which was her "normal" gas station.  She arrived when it was light outside.  She drove to and parked at the air pump in the station's parking lot, in order to put air in her tires.  Previously, delivery drivers had placed pallets containing bags of salt on the parking lot, including two pallets next to the curb at the air pump, one on each side of the pump.  Ms. Couvillion parked her car between the two pallets.[2]  Ms. Couvillion

---

[1] The following facts are taken from Speedway's "Statement of Material Facts Not in Dispute," *Defendant's Brief in Support of Motion for Summary Judgment* [doc. 25] ("*Motion Brief*"), at 1-2, and Ms. Couvillion's "Statement of Facts," *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Motion To Strike Defendant's Photograph* [doc. 30], at 2-4.  Additional undisputed facts drawn from the submitted evidence are also included for context and background.

Speedway complied with S.D. Ind. L.R. 56-1(a)'s requirement that its brief "include a section labeled 'Statement of Material Facts Not in Dispute' containing the facts: (1) that are potentially determinative of the motion; and (2) as to which the movant contends there is no genuine issue."  Ms. Couvillion did not comply with her requirement to include in her brief "a section labeled 'Statement of Material Facts in Dispute' that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."  S.D. Ind. L.R. 56-1(b).  Her brief contains a section labeled only "Statement of Facts" and she does not therein identify any specific facts in Speedway's "Statement of Material Facts Not in Dispute" that she disputes.  Therefore, the facts in Speedway's statement are assumed to be true to the extent that they are supported by admissible evidence and do not allow the Court to draw therefrom reasonable inferences in Ms. Couvillion's favor sufficient to preclude summary judgment. S.D. Ind. L.R. 56-1(f)(1).  Ms. Couvillion's asserted facts are assumed true to the extent that they are supported by admissible evidence.  S.D. Ind. L.R. 56-1(f)(2).

[2] The exact position of Ms. Couvillion's car in relation to the two pallets and the air pump is disputed.  Photographs taken at an unknown time after the accident show her car parked diagonally with the front end toward the air pump.  The left front corner of the car is at the curb, near the air pump, and the left rear corner of the car is toward the subject pallet that was placed to the left of the air pump. [Doc. 25, at 2; doc. 25-2.]  Asked to review the photographs and confirm her car's position at the time of her fall, Ms. Couvillion testified that she does not specifically recall the position of her car that morning, but she thinks that it was parked more horizontally with the air-pump curb and the pallets.  *Couvillion Deposition* [doc. 31], p. 40, lines 7-10 (Q: "And is the car in Exhibit 1 parked in the location where you parked your car that morning?"  A: "I thought I was parked more horizontal with the pump, but I don't recall specifically."); p. 41, lines 3-13; p. 42, lines 3-5 (Q: "And you can't tell me whether the car as shown in Exhibit 1, is in the spot where you parked it?"  A: "Correct.").  Ms. Couvillion, who had driven to the gas station alone, testified that she was taken from the station to the hospital by ambulance and that her car remained at the station for several days, until family members retrieved it.  *Couvillon Depo.*, p. 40, line 11, through p. 41, line

2

was familiar with the location of the air pump and how to operate it, having used it before. She testified that, when she exited her vehicle, she "saw [the pallet] in general" but "did not see the exact proximity of it" to her vehicle.

> Ms. Couvillion described her fall during her deposition:
>
> I pulled in, put my card in the air pump. After it cut on, I filled my front tire. That particular pump has a beep when you get to 35 pounds of pressure. So I filled my front tire to – front driver's side tire to the 35 pounds. It beeped. I stood to turn to fill the back tire, which is the one that the alert has gone off on.
>
> And as I was turning to go toward that tire is when my foot caught on the pallet. And I had the hose in my right hand, and the hose caught. I don't know if the hose caught on my foot or the pallet, but the hose caught, and then I fell, you know, one kind of motion. I was turning and fell onto the pallet.

*Couvillion Depo.*, p. 39, lines 3-16.

> Q Why do you suppose you tripped over it [the pallet]?
>
> A The coil – the air pump hose is very curvy, curly. I don't know.
>
> Q Curled like a snake?
>
> A Yeah.
>
> Q Okay.
>
> A And so, I mean, I don't – when I stood up to turn to go to my back tire, I mean, I don't know – I would not have thought I was that close to the pallet or didn't see it in any way as imminently in my way.

---

2. Ms. Couvillion does not remember if she took the keys with her to the hospital or left them in the car, *id.*, p. 44, lines 1-6, and she has no knowledge that anyone moved her car after her fall, *id.*, p. 40, lines 11-13. Speedway contends that the photographs were taken by its store manager at the time, based on her testimony regarding company policy and her standard practice to take such photographs. However, the manager does not specifically remember the incident or taking the photographs, her described testimony does not address when the photographs were taken or whether Ms. Couvillion's car had been moved, and Speedway did not submit copies of the subject deposition pages. (*Defendant's Reply in Support of Motion for Summary Judgment etc.* [doc. 35], at 5-7.) Ms. Couvillion testified that the pallet depicted in the photograph was the one on which she tripped. *Couvillion Depo.*, p. 41, lines 14-17.

>Q Obviously, when you finished filling the front left side tire, your belief was you could walk to the back right side tire, carrying the air pump, and put air in that tire?
>
>A Correct.
>
>Q Do you believe that you tripped over the pallet?
>
>A I do.
>
>Q Do you believe that air hose in any way contributed to you tripping over that pallet?
>
>A Possibly.
>
>Q Tell me about that.
>
>A I know that -- you know when things happen in slow motion and very quickly at the same time?
>
>Q Yes, ma'am.
>
>A I remember as I was falling, the cord to the hose getting very tight and coming out of my hand. So I don't know if my foot and the hose caught on the pallet or if the hose just by the nature of its springiness and me moving forward, falling quickly, caused it to spring back. But I do recall the hose coming out of my hand --
>
>Q Going to the ground?
>
>A -- as I was falling.
>
>Q If you look at Exhibit 1, did you catch your foot on the part of the pallet closest to your vehicle?
>
>A Correct, yes.

*Id.*, p. 44, line 12, through p. 45, line 23.

The parties agree that Ms. Couvillion's claim against Speedway is governed by Indiana's law of negligence, which requires her to prove that (1) Speedway had a duty to Ms. Couvillion, (2) Speedway breached that duty, and (3) Ms. Couvillion suffered an injury that was proximately caused by that breach. *Douglass v. Irvin*, 549 N.E.2d 368, 369

4

(Ind. 1990); *Nagel v. Northern Indiana Public Service Co.*, 26 N.E.3d 30, 44 (Ind. Ct. App. 2015), *trans. denied*. The parties further agree that the duty that Speedway owed to Ms. Couvillion is defined by Indiana's premises-liability law, which adopts the definition of the Restatement (Second) of Torts §§ 343 and 343(A)(1) (1965):

> Section 343
>
> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) *should expect that they will not discover or realize the danger, or will fail to protect themselves against it,* and (c) fails to exercise reasonable care to protect them against the danger. [emphases added]
>
> Section 343 A
>
> (1) A possessor of land is not liable to his invitees for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.* [emphasis added]

*Douglass*, 549 N.E.2d at 370 (quoting the *Restatement (Second) of Torts*); *Nagel*, 26 N.E.3d at 44. Finally, there is no dispute that Ms. Couvillion was Speedway's invitee at the time of her fall.

Speedway argues that summary judgment should be granted in its favor regarding both its duty and alleged breach of that duty. It argues that, considered from the perspective of duty, the pallet over which Ms. Couvillion allegedly tripped did not present an unreasonable risk of harm to her which Speedway should have expected that she would not discover or protect herself against. From the perspective of breach, Speedway argues that Ms. Couvillion cannot present evidence from which a reasonable jury could draw an inference that Speedway breached its duty to her.

"Whether a defendant has a duty to conform his or her conduct to a certain standard for the plaintiff's benefit is a question of law for the court to decide." *Rogers v. Martin*, ___ N.E.3d ___, 2015 WL 8872293, *4 (Ind. Ct. App., Dec. 14, 2015). "The question of the breach of a duty is usually one for the trier of fact. However, if any reasonable jury would conclude that a specific standard of care was or was not breached, the question of breach becomes a question of law for the court." *Brown v. Buchmeier*, 994 N.E.2d 291, 294 (Ind. Ct. App. 2013) (internal quotation marks and citations omitted).

Speedway argues that a reasonable invitee in Ms. Couvillion's circumstances would have realized any danger or risk posed by the pallet and would have protected herself against it; in other words, Speedway should not have expected (1) that an invitee would not have discovered, realized, or protected herself against, any risk posed by the pallet, and (2) that an invitee would be harmed despite the known or obvious danger. In support, Speedway points to Ms. Couvillion's testimony that it was daylight when she entered the gas station, *Couvillion Depo.*, p. 35, lines 14-20; she saw the pallets when she pulled into the station, *id.*, p., 43, lines 9-11; she saw the subject pallet before she fell, *id.*, p. 41, lines 18-21; and she did not have any problem seeing the pallet when she got out of her car at the air pump, *id.*, p. 41, lines 22-24. Ms. Couvillion counters that, although she saw the pallet before she fell and had no difficulty seeing it when she got out of her car, she testified that she saw it only "in general" and "did not see the exact proximity of it to my vehicle." *Id.*, p. 41, lines 18-21. Also, after confirming that she had no problem seeing the pallet when she exited her vehicle, Ms. Couvillion answered affirmatively to the

6

question "You just couldn't estimate right now how close it was to your car?" *Id.*, p. 41, line 22, through p. 42, line 2.

Ms. Couvillion does not explain what she means when she states that she saw the pallet "in general" but did not see its proximity to her car. Despite seeing the pallet, she denied that, when she got out of her car that morning, she had any thought or impression that the pallet posed any danger or threat to her, *id.*, p. 44, lines 7-11, and that when she walked from the front tire to the rear tire to fill it, she "would not have thought [she] was that close to the pallet or didn't see it in any way as imminently in [her] way," *id.*, p. 44, lines 18-22.

Ms. Couvillion's admitted observations of both pallets upon driving into the station and of the subject pallet before her fall; her admission that she had no difficulty seeing the subject pallet upon exiting her vehicle; the fact that she walked from the front left tire toward the pallet, in order to fill the right rear tire; the absence of any allegation, assertion, or evidence that her view of the pallet and its proximity to her car was obscured or impaired in any way; and her admitted experience with operating the air pump at the station, renders unreasonable any finding that Speedway should have expected that Ms. Couvillion, or any reasonable invitee in her position, would not have discovered or realized any risk posed by the subject pallet or would have failed to protect herself against it. See *Maurer v. Speedway, L.L.C.*, 774 F.3d 1132, 1136-37 (7th Cir. 2014); *Ooms v. USX Corp.*, 661 N.E.2d 1250, 1253-54 (Ind. Ct. App. 1996).

Regardless of Ms. Couvillion's intended distinction between seeing the pallet "in general" and seeing its "exact proximity" to her car, her allegations about her actual lack of knowledge and appreciation of a danger posed by the proximity of the pallet to her car, and her decision to encounter it regardless of the risk, would be relevant only to an incurred- or assumed-risk defense to her claim or to the existence of a duty on Speedway to anticipate that invitees would proceed with, and be harmed by, a known or obvious danger. However, Speedway does not assert the former defense[3] and Ms. Couvillion does not assert the latter duty. Speedway asserts the obviousness of the pallet's location, Ms. Couvillion's admitted observation of it, and the obviousness of any risk that the pallet might have posed to a reasonable invitee in her position in order to argue that Speedway did not have a duty to do anything more to protect her from any risk posed by the pallet because Speedway should not have expected that an invitee would not discover or realize such risk, or would fail to protect herself against it — which is an objective analysis. Alternatively, Speedway contends that no reasonable jury could find that Speedway breached any duty owed to Ms. Couvillion based on her admitted observation and unobstructed view of the pallet from her entry to the station, parking, exiting her vehicle, and filling her tires. Also, Ms. Couvillion's testimony that she did not actually perceive

---

[3] Although some language in Speedway's brief might tend toward invocation of the open-and-obvious rule, which has been held applicable in only products-liability actions, *Bridgewater v. Economy Engineering Co.*, 486 N.E.2d 484, 489 (Ind. 1985), Speedway's brief summarizes and clarifies its argument with "Consequently, Speedway had no reason to anticipate that Plaintiff or any other customer would not discover the condition and protect herself against it, and thus Speedway did not fail to exercise reasonable care." *Motion Brief*, at 6.

any risk posed by the pallet eliminates any issue of a duty on Speedway to have reasonably anticipated that she would encounter the risk despite her appreciation of it.

The Court agrees with Speedway that there is no genuine dispute of fact that is material to the legal issue of its duty to Ms. Couvillion regarding any risk posed by the subject pallet and that Speedway is entitled to judgment as a matter of law that it had no relevant duty to her regarding the placement of the subject pallet.  Alternatively, the Court finds no genuine issue of fact that is material to the factual issue of Speedway's breach of any such duty and concludes that, because no reasonable jury could find that Speedway breached its duty, Speedway is entitled to judgment as a matter of law.

These findings also render moot Ms. Couvillion's argument about the failure of store personnel to follow certain of Speedway's internal policies regarding customer safety and the placement of product pallets because Indiana's negligence law enforces objectively reasonable uniform standards of conduct and duties, not corporate policies.  The Court's finding that Speedway owed no additional duty to Ms. Couvillion with respect to the subject pallet also renders moot Ms. Couvillion's argument that there was no obstacle to Speedway placing the salt pallets further from the air pump.

In its reply brief, Speedway argues that summary judgment should be granted for the additional reason that the undisputed evidence shows that Ms. Couvillion herself caused her fall.  However, courts will not consider arguments made for the first time in reply, at least not without affording an opposing party an opportunity to respond.  *Pain Center of SE Indiana, L.L.C. v. Origin Healthcare Solutions, L.L.C.*, No. 1:13-cv-133-RLY-DKL,

*Entry on Plaintiffs' Objection to the Magistrate Judge's May 8, 2015 Entry* [doc. 258], at 12-13, 2015 WL 4548528, *6 (S.D. Ind., July 28, 2015).  Because the above rulings fully resolve Speedway's motion, the Court will not allow Ms. Couvillion an opportunity to respond to Speedway's new arguments and it finds those new arguments to be forfeited.

Because Ms. Couvillion fully presented her arguments why the photograph submitted by Speedway carries little weight, and the Court ultimately did not rely on it for the purpose of the position of her car, her request that the Court strike the photograph is denied.

## Conclusion

Because Defendant has shown that there exists no genuine dispute of material fact and that it is entitled to judgment in its favor on Plaintiff's claim, Defendant's *Motion for Summary Judgment* [doc. 24] is **GRANTED** and judgment will issue accordingly.

**DONE this date:**  01/20/2016

*Denise K. LaRue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.